## FRED JOWETT *vs.* ORIN F. WALLACE.

York.   Opinion December 3, 1914.

*Alienation of Wife's Affections.   Burden of Proof.   Carnal Intercourse.
Certificate.   Criminal Conversation.   Identification of Parties.
Legal Marriage in Fact.   Record of Marriage.*

1.  In actions for criminal conversation, marriage between the plaintiff and his wife must be strictly proved.

2.  In actions for criminal conversation, the plaintiff is competent to testify to the marriage ceremony and the identity of the parties.

3.  The production of the record proof of marriage, from the proper public records, with proof of the identity of the parties, is sufficient, prima facie, to show a legal marriage in fact.   The record affords presumptive evidence of regularity and authority.

4.  In the absence of proof to the contrary, the law of another State or country is presumed to be like our common law, but not like our statute.

On motion by defendant for a new trial.   Motion overruled.

This is an action on the case against the defendant to recover damages for the alienation of the affections of the wife of the plaintiff. The defendant pleaded the general issue.   The jury rendered a verdict for the plaintiff of $3500.   The defendant filed a general motion for a new trial.

The case is stated in the opinion.

*E. P. Spinney, and H. H. Varney,* for plaintiff.

*Cleaves, Waterhouse & Emery, and L. B. Lausier,* for defendant.

SITTING:  SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, JJ.

SAVAGE, C. J.   Case for criminal conversation.   The verdict was for the plaintiff, and the case comes up on a motion for a new trial, alleging the usual grounds.

The burden was on the plaintiff to prove two things, namely, a legal marriage in fact, and carnal intercourse, which is the gist of the action, between his wife and the defendant.   If he failed in either point he cannot maintain the action.

In actions for criminal conversation, as in prosecutions for bigamy and adultery, marriage between the plaintiff and his wife must be strictly proved. *Snowman* v. *Mason,* 98 Maine, 490; *Damon's Case,* 6 Maine, 148; *State* v. *Hodgkins,* 19 Maine, 155; *Pratt* v. *Pierce,* 36 Maine, 448; *Fornshell* v. *Murray,* 1 Bland's Ch. 479; *Morris* v. *Miller,* 4 Burr, 2057; *Birt* v. *Barlow,* Doug., 171; *Catherwood* v. *Coston,* 13 M. & W., 261; 2 Greenl. Ev., Sec. 461; 21 Cyc., 1630. That is, there must have been a marriage ceremony performed by some person authorized by law to solemnize marriages. In this case there was a marriage ceremony performed at Rochester, New Hampshire. The plaintiff so testifies, and he is a competent witness for that purpose. *State* v. *Marvin,* 35 N. H., 22. His testimony identified the parties. He also introduced copy of the record of marriage in the records of the city of Rochester. In his testimony he speaks of the officiating person as a "minister." In the record of the marriage the person officiating is styled a "clergyman." But no proof of his authority to solemnize marriages is shown, unless it is to be presumed.

Just how far it is necessary to go in cases of criminal conversation, bigamy and adultery, in proving, prima facie, a valid marriage in fact, the authorities are not entirely agreed. The defendant here contends that inasmuch as only such ministers of the gospel as are commissioned for that purpose by the governor can legally solemnize marriages in this State, it is to be presumed that the law of New Hampshire is the same, and that the plaintiff should have been required to prove that the minister who solemnized the marriage in this case was commissioned in like manner. But the presumption is not as claimed by counsel.

In the absence of proof to the contrary, the law of another State or country is presumed to be like our common law, but it is not presumed to be like our statute. *Carpenter* v. *Grand Trunk Ry.,* 72 Maine, 388. There is no presumption that the statute law of New Hampshire is like our statute.

But as we regard it, the rule as to proof of marriage in cases like this was settled in this State in *Damon's Case,* 6 Maine, 148. This was a prosecution for bigamy. The first marriage was proved by a witness who testified that he was present at the ceremony, and that the marriage was solemnized by a clergyman who had been a settled minister in the town for forty years. The second or bigamous

marriage was proved by a witness who was present. The ceremony was performed by a justice of the peace. But no evidence of his authority was produced, except a copy of his certificate of marriage recorded in the town records and certified by the town clerk. It will be noticed that the evidence of the second marriage was in all respects like that in this case, except that in one the officiating person was a justice of the peace, in the other a minister. The Court held that both marriages were sufficiently proved, prima facie.

The Court said:—"There must be evidence of a marriage in fact by a person legally authorized, and between parties legally competent to contract. Proof of such a marriage may be made by an official copy of the record, accompanied by such evidence as will satisfy the jury of the identity of the parties, or by the testimony of one who was present at the ceremony. But it is not necessary that the special or official character of the person by whom the rite was solemnized should be proved by record evidence of his ordination or appointment." Dane's Abr., Chap. 45, Art. 3, Sec. 4. The Court quoted and adopted the following language from Dane's Abridgment as a correct statement of the law:—"If it appears there has been a marriage in fact, either by town or parish certificates, or by a witness present, that saw the parties stand up, and go through the usual ceremonies of marriage, directed by one who usually or appeared usually to marry persons, the court will presume it is a legal marriage till the contrary is proved." Ibid., Sec. 18. *Wedgewood's Case*, 8 Maine, 75, supports this doctrine, although in that case the record was held insufficient proof, because of want of identification of the parties.

.The defendant relies strongly on the case of *State* v. *Hodgkins*, 19 Maine, 155. That case was a prosecution for adultery. The marriage was attempted to be proved by a witness who saw the ceremony, but could not tell by whom it was performed, nor give any description of the person performing it, whereby his official character could be indicated. There was no public record of the marriage in evidence. The Court said that it is not enough to show that a ceremony was performed, and that cohabitation for a long time followed, without showing that the person who performed the ceremony was clothed with the requisite authority. The Court did not overlook *Damon's Case*. It cited it, and left it unmodified.

There is no inconsistency between *State* v. *Hodgkins* and *Damon's Case.* The former states what must be proved, and the latter how it may be proved. The latter case decided in effect that the production of the record proof of marriage, from the proper public records, with proof of the identity of the parties was sufficient, prima facie, with respect to the authority of the officiating person, and that the marriage would then be presumed to be legal until the contrary appeared. The record affords presumptive evidence of regularity and authority. No other question of law has been argued.

We have carefully examined and weighed the evidence, and are of opinion that a verdict against the defendant was warranted by it. The verdict for $3500, considered as actual damages, may he too large. But the jury had the right in their discretion to award punitive or exemplary damages, and we cannot say that they abused their discretion.

*Motion overruled.*