[Civ. No. 40914. First Dist., Div. Two. Dec. 20, 1977.]

GLENN LOW TONG, Plaintiff and Appellant, v.
FRANCISCO Z. JOCSON, Defendant and Respondent.

## Counsel

Smith, Paduck, Clancy & Wright, Edwin A. Clancy, Jr., and Lauraine G. Braunstein for Plaintiff and Appellant.

Ericksen, Lynch, Mackenroth, Arbuthnot & Brennan, Preston N. Ericksen and John M. Bayne, Jr., for Defendant and Respondent.

## Opinion

**THE COURT.**\*— ██ Plaintiff noticed his appeal from the minute order granting the motion for summary judgment. Section 904.1 of the Code of Civil Procedure sets out what orders and judgments of the superior court are appealable. Neither a final judgment nor an appealable order has been entered in the instant case. An order granting a motion for summary judgment is a nonappealable order. (*Zetterberg* v. *State Dept. of Public Health* (1974) 43 Cal.App.3d 657, 665 [118 Cal.Rptr. 100], hg. den.) "While the order is nonappealable and the record does not disclose that any judgment was ever entered pursuant thereto, judicial expediency dictates that we reach the merits of the appeal and we therefore treat the order as a rendition of judgment (rule 2(c), Cal. Rules of Court)." (*Stanley* v. *City and County of San Francisco* (1975) 48 Cal.App.3d 575, 577, fn. 1 [121 Cal.Rptr. 842].)

██ Plaintiff and Gale became engaged in September 1973 and commenced living together on November 11, 1973. On February 20, 1974, they were involved in an automobile accident when a car driven by defendant collided with the vehicle driven by plaintiff. Plaintiff and Gale were married on March 9, 1974, and on January 10, 1975, he filed a complaint for personal injuries and damages for loss of consortium arising from Gale's injuries.

\*Before Taylor, P. J., Kane, J., and Rouse, J.

*Rodriguez* v. *Bethlehem Steel Corp.* (1974) 12 Cal.3d 382 [115 Cal.Rptr. 765, 525 P.2d 669] overruled prior California precedents which denied a spouse recovery for loss of consortium and held that a married person whose spouse had been injured by the negligence of a third party may maintain a cause of action for loss of consortium. In *Borer* v. *American Airlines, Inc.* (1977) 19 Cal.3d 441, 444 [138 Cal.Rptr. 302, 563 P.2d 858], the court stated that "[j]udicial recognition of a cause of action for loss of consortium . . . must be narrowly circumscribed" and pointed out that "*Rodriguez,* thus, does not compel the conclusion that foreseeable injury to a legally recognized relationship necessarily postulates a cause of action; instead it clearly warns that social policy must at some point intervene to delimit liability. . . . [S]omewhere a line must be drawn." (*Id.,* at p. 446.) "[N]ot every loss can be made compensable in money damages, and legal causation must terminate somewhere." (*Suter* v. *Leonard* (1975) 45 Cal.App.3d 744, 746 [120 Cal.Rptr. 110].) *Rodriguez, supra,* repudiates "an indefinite extention of liability for loss of consortium to all foreseeable relationships." (*Borer, supra,* 19 Cal.3d at p. 448.)

Plaintiff and Gale were not married at the time of the vehicle accident. Under the facts of the case before us, an action for loss of consortium cannot be maintained.

Order affirmed.