Opinion
 

 LILLIE, Acting P. J.
 

 Scott Lieding and Karey Lieding, husband and wife, sued Commercial Diving Center and Oceaneering International, Inc., alleging that on April 14, 1980, husband sustained personal injuries in a diving accident while he was a commercial diving student under the instruction and supervision of defendants; as a result of husband’s injuries, wife was deprived of his “services, social and consortium,” to which she is entitled. Husband sought damages for his injuries on several theories and wife (in the seventh cause of action of the complaint) sought damages for loss of consortium. Defendants moved for summary judgment on the seventh cause of action. The motion was supported by wife’s answers to interrogatories stating that she and husband were not married at the time of his alleged diving accident. In opposition to the motion plaintiffs submitted declarations wherein they stated that on March 9, 1980, husband asked wife to marry him; at that time they selected May 31, 1980, as the tentative wedding date; because of husband’s accident the wedding was postponed and plaintiffs were married on August 2, 1980. The motion was granted on the ground that wife cannot recover damages for loss of consortium because she and husband were not married, but only engaged, at the time of his injuries.
 

 Plaintiffs appeal from the minute order granting the motion for summary judgment,
 
 [1]
 
 which is a preliminary nonappealable order.
 
 (King
 
 v.
 
 State of California
 
 (1970) 11 Cal.App.3d 307, 310 [89 Cal.Rptr. 715].) The record does not show that a judgment was entered
 
 [2]
 
 pursuant to that order. However,
 
 *74
 
 “[w]hile the order is nonappealable and the record does not disclose that any judgment was ever entered pursuant thereto, judicial expediency dictates that we reach the merits of the appeal and we therefore treat the order as a rendition of judgment (rule 2(c), Cal. Rules of Court).”
 
 (Stanley
 
 v.
 
 City and County of San Francisco
 
 (1975) 48 Cal.App.3d 575, 577, fn. 1 [121 Cal.Rptr. 842].) Although the order from which the appeal is taken grants partial summary judgment, and thus does not dispose of all the causes of action, it disposes of the only cause of action involving wife. Accordingly, that order is reviewable.
 
 (Etienne
 
 v.
 
 DKM Enterprises, Inc.
 
 (1982) 136 Cal.App.3d 487, 489 [186 Cal.Rptr. 321].) We turn now to the merits of the appeal.
 

 The papers submitted in support of and in opposition to the motion for summary judgment show that there is no triable issue of fact. The only issue presented to the trial court was an issue of law, which may be determined in summary judgment proceedings.
 
 (Allis-Chalmers Corp.
 
 v.
 
 City of Oxnard
 
 (1981) 126 Cal.App.3d 814, 818 [179 Cal.Rptr. 159];
 
 Dow
 
 v.
 
 Britt
 
 (1974) 37 Cal.App.3d 868, 871 [112 Cal.Rptr. 710];
 
 Burke Concrete Accessories, Inc.
 
 v.
 
 Superior Court
 
 (1970) 8 Cal.App.3d 773, 775 [87 Cal.Rptr. 619].) The sole question on appeal is whether the trial court correctly resolved that issue. We conclude that it did.
 

 In
 
 Rodriguez
 
 v.
 
 Bethlehem Steel Corp.
 
 (1974) 12 Cal.3d 382 [115 Cal.Rptr. 765, 525 P.2d 669], the Supreme Court held that a married person whose spouse is injured by the negligence of a third party may maintain a cause of action for loss of consortium.
 
 Rodriguez
 
 did not decide whether one whose spouse was injured prior to the marriage may maintain such a cause of action. In
 
 Tong
 
 v.
 
 Jocson
 
 (1977) 76 Cal.App.3d 603 [142 Cal.Rptr. 726], the court was faced with that question. There, a man and a woman became engaged in September 1973 and commenced living together two months later. In February 1974 they were injured in an automobile accident; the following month they were married. Thereafter the husband filed a complaint for personal injuries and damages for loss of consortium resulting from his wife’s injuries. It was held that because plaintiff and his wife were unmarried at the time of the accident, he could not maintain an action for loss of consortium. That holding was based on the following language in
 
 Borer
 
 v.
 
 American Airlines, Inc.
 
 (1977) 19 Cal.3d 441, 444, 446 [138 Cal.Rptr. 302, 563 P.2d 858]: “Judicial recognition of a cause of action for loss of consortium . . . must be narrowly circumscribed. . . . [f]
 
 Rodriguez,
 
 thus, does not compel the conclusion that foreseeable injury to a legally recognized relationship necessarily postulates a cause of action; instead it clearly warns that social policy must at some point intervene to delimit liability. . . . [Sjomewhere a line must be drawn.” The
 
 Tong
 
 court drew the line by denying recovery for loss of consortium on the facts before it, with no discussion of any social policy in support of that result. Hence,
 
 Tong
 
 is of little value as a precedent.
 

 
 *75
 
 In other states, recovery for loss of consortium has been denied where injury to one of the spouses occurred before the marriage.
 
 (Sawyer
 
 v.
 
 Bailey
 
 (Me. 1980) 413 A.2d 165;
 
 Sostock
 
 v.
 
 Reiss
 
 (1980) 92 Ill.App.2d 200, 47 Ill.Dec. 781 [415 N.E.2d 1094];
 
 Tremblay
 
 v.
 
 Carter
 
 (Fla.App. 1980) 390 So.2d 816; Annot. (1981) 5 A.L.R.4th 300.) Cases so holding have considered underlying policy factors, a matter not discussed in
 
 Tong
 
 v.
 
 Jocson, supra.
 
 Thus, in
 
 Sawyer
 
 v.
 
 Bailey, supra,
 
 413 A.2d 165, the Supreme Judicial Court of Maine stated: “Although our society regards it of the highest primacy that a remedy be afforded for the redress of wrongs caused by tortious conduct [citation], nevertheless, we discern countervailing policy factors which persuade us to confine consortium rights to cases where the tortious injury occurred while the parties were married, one to the other, [f] The general rule is that no person has a right of action against a wrongdoer, unless that person is personaBy injured. The cause of action accrues, generaBy, when the tort is committed. [Citations.] When the afieged antenuptial tort was committed by the defendant against the woman plaintiff, the man plaintiff suffered no injury, because he possessed no marital right at that time, never having assumed any marital obUgations. When Daniel Sawyer later took Lynn Jackson as his lawful wedded wife, he took her for better or for worse in her then existing state of health, voluntarily taking unto himself any marital deprivation that might result from his wife’s premarital injury. . . . [f] Since the creation of a legal remedy for the so-caUed loss of consortium, by persons who are engaged to marry and who do marry subsequently to the injury to one of them or both by reason of the negligent conduct of a tortfeasor, involves on the part of the judiciary the estabUshment of pubfic policy for the State, the courts should take into consideration what public poficy, if any, the Legislature has exemplified in relation to antenuptial contractual rights. We observe that, in connection with marital property rights in divorce or legal separation, the Legislature has limited them to ‘property acquired by either spouse subsequent to the marriage,’ except for specific exceptions of no consideration for our present purposes. [Citation.] This necessarily excludes property acquired by either spouse foBowing the engagement to marry and before the official marriage. More closely related to our concern is the fact that in 1941 our Legislature barred any action or proceeding for the recovery of damages for the breach of a promise to marry.
 
 [3]
 
 [Citation.] It would seem anomalous, to say the least, as a matter of pubfic poficy, to allow recovery from a third party tortfeasor to a person potentially injured in future consortium rights and deny recovery against the same person for the breach of the contract to marry.” (413 A.2d at pp. 167-169.)
 

 In
 
 Tremblay
 
 v.
 
 Carter, supra,
 
 390 So.2d 816, the District Court of Appeal of Florida noted that to permit a man or a woman to claim loss of consortium upon
 
 *76
 
 marriage to an injured person would have the effect of allowing him or her to marry into the cause of action. (P. 817.) And in
 
 Sostock
 
 v.
 
 Reiss, supra,
 
 415 N.E.2d 1094, the Appellate Court of Illinois rejected the argument that denial of such a cause of action is contrary to the public policy of fostering and protecting marriage. Said the court: “The recognition of a cause of action under the present circumstances would encourage an announced fiancee to assume the marital relationship, not in spite of intervening injuries to his fiancee, but rather due to monetary considerations. We do not see how this type of motivation would in any way further the policy of the state to foster and protect the institution of marriage.” (415 N.E.2d at p. 1099.)
 

 The policy considerations expressed in the foregoing cases are sound and support the conclusion, reached in
 
 Tong
 
 v.
 
 Jocson, supra,
 
 76 Cal.App.3d 603, that a cause of action
 
 for loss of
 
 consortium does not exist in favor of a married person whose spouse sustained personal injuries while the couple was engaged to marry but before the marriage.
 

 In support of a contrary conclusion, appellants cite
 
 Butcher
 
 v.
 
 Superior Court
 
 (1983) 139 Cal.App.3d 58 [188 Cal.Rptr. 503]. That case is not in point. It holds that an unmarried cohabitant may state a cause of action for loss of consortium by showing that the nonmarital relationship is both stable and significant. Appellants presented no facts making that rule applicable in the present case. To the limited extent that the
 
 Butcher
 
 case considers a relationship of the type disclosed by appellants’ declarations, it supports the conclusion that appellant wife has no cause of action for loss of consortium. The court there states: “[T]he cause of action protects the parties’ relational interest, and if the relationship did not exist at the time of the tort, a fortiori it could not be injured. In fact, application of this principle to all of the premarital injury cases would lead to the same result in each case. If the injury occurs before the relationship is established, when the parties are engaged . . . , then the interest in continuing the relationship undisturbed has not been injured.”
 
 (Butcher
 
 v.
 
 Superior Court, supra,
 
 139 Cal.App.3d at p. 61.)
 

 The judgment is affirmed.
 

 Hanson (Thaxton), J., and Dalsimer, J., concurred.
 

 Appellants’ petition for a hearing by the Supreme Court was denied July 20, 1983.
 

 [1]
 

 Inasmuch as it is wife who seeks damages for loss of consortium, she (not husband) is aggrieved by the order; therefore she alone has the right to appeal therefrom. (See Code Civ. Proc., § 902;
 
 Kunza
 
 v.
 
 Gaskell
 
 (1979) 91 Cal.App.3d 201, 206 [154 Cal.Rptr. 101];
 
 Winter
 
 v.
 
 Gnaizda
 
 (1979) 90 Cal.App.3d 750, 754 [152 Cal.Rptr. 700].)
 

 [2]
 

 After the notice of appeal was filed, an order “specifying adjudication of issues” was signed and filed determining that the seventh cause of action is without merit and there is no triable issue of material fact as to that cause of action.
 

 [3]
 

 In California such a provision is contained in Civil Code section 43.5, enacted in 1939. (See also Civ. Code, § 43.4.)