158 Cal.App.3d 813 (1984)
204 Cal. Rptr. 869
SHIRLEY ANN GRANT et al., Plaintiffs and Appellants,
v.
AVIS RENT A CAR SYSTEM, INC., et al., Defendants and Respondents.
Docket No. B004006.
Court of Appeals of California, Second District, Division One.
July 26, 1984.
*815 COUNSEL
Marder & Marder, Kenneth A. Marder and Muncie D. Marder for Plaintiffs and Appellants.
Veatch, Carlson, Grogan & Nelson and Pamela A. Benben for Defendants and Respondents.
OPINION
LILLIE, J.
(1a) Shirley Grant and James Plaza filed a complaint seeking damages for personal injuries sustained by Shirley in an automobile accident which occurred September 8, 1982, and damages for James' loss of consortium. The second cause of action (loss of consortium) alleged: At the time of the accident plaintiffs were "unmarried cohabitants possessing every characteristic of the spousal relationship except formalization"; as a result of injuries sustained in the accident, Shirley has been unable to perform her duties as a de facto spouse; by reason thereof James has been damaged by loss of the consortium of Shirley. Defendants moved for summary judgment on the second cause of action. The motion was supported by excerpts from the depositions of plaintiffs which showed: Plaintiffs began living together on August 6, 1982; at that time James was married to Hortencia Plaza; Hortencia commenced proceedings for dissolution of her marriage to James after he moved in with Shirley; the interlocutory judgment of dissolution was entered July 8, 1983. In opposition to the motion, plaintiffs submitted declarations wherein they stated that they lived together constantly since before the accident; they wanted a family and Shirley became pregnant by James but suffered a miscarriage; plaintiffs planned to marry upon entry of *816 final judgment of dissolution of the marriage of James and Hortencia; they were married in September or October 1983. The motion was granted and judgment was entered dismissing James' cause of action for loss of consortium. Plaintiffs appeal from the judgment.[1]
(2) The papers submitted in support of and in opposition to the motion for summary judgment show that there is no triable issue of fact. The only issue presented to the trial court was an issue of law, which may be determined in summary judgment proceedings. (Coast-United Advertising, Inc. v. City of Long Beach (1975) 51 Cal. App.3d 766, 769 [124 Cal. Rptr. 487]; Rader v. Thrasher (1972) 22 Cal. App.3d 883, 887 [99 Cal. Rptr. 670].) The sole question on appeal is whether the trial court, applying the law to the undisputed facts, correctly resolved that issue.
(3) In Rodriguez v. Bethlehem Steel Corp. (1974) 12 Cal.3d 382 [115 Cal. Rptr. 765, 525 P.2d 669], our Supreme Court held that a married person whose spouse has been injured by the negligence or intentional conduct of a third party has a cause of action for loss of consortium, i.e., for loss of conjugal fellowship and sexual relations. With but one exception, noted below, the courts of this state have refused to recognize such a cause of action where a man and a woman were not married at the time one of them was injured, but were merely engaged or living together. (Lieding v. Commercial Diving Center, supra, 143 Cal. App.3d 72; Tong v. Jocson (1977) 76 Cal. App.3d 603 [142 Cal. Rptr. 726].) A similar conclusion has been reached by a majority of other courts which have considered the question. (Laws v. Griep (Iowa 1983) 332 N.W.2d 339; Weaver v. G.D. Searle & Co. (N.D.Ala. 1983) 558 F. Supp. 720; Childers v. Shannon (1982) 183 N.J. Super. 591 [444 A.2d 1141]; Miller v. Davis (1980) 107 Misc.2d 343 [433 N.Y.S.2d 974]; Sawyer v. Bailey (Me. 1980) 413 A.2d 165 [5 A.L.R.4th 292]; Tremblay v. Carter (Fla.App. 1980) 390 So.2d 816; Sostock v. Reiss (1980) 92 Ill. App.3d 200 [47 Ill.Dec. 781, 415 N.E.2d 1094]; Chiesa v. Rowe (W.D.Mich. 1980) 486 F. Supp. 236; Annot. (1981) 5 A.L.R.4th 300.) Butcher v. Superior Court (1983) 139 Cal. App.3d 58 [188 Cal. Rptr. 503], extended a cause of action for loss of consortium to unmarried cohabitants who can show that their nonmarital relationship is "both stable and significant." (Butcher v. Superior Court, supra, at p. 71.) *817 Plaintiffs contend that Butcher is controlling here and requires reversal of the summary judgment dismissing James' cause of action for loss of consortium. We do not agree.
In Butcher, at the time the male partner to a nonmarital relationship was injured, the partners had been living together as husband and wife for 11 1/2 years; they had two children together; they filed joint income tax returns, and maintained joint savings and checking accounts; the man acknowledged and referred to the woman as his wife; she testified that they had a common law marriage, and she considered them to be married as of the date they began living together. On this showing the court denied a petition for writ of mandate to compel the trial judge to enter summary judgment dismissing the woman's claim for loss of consortium. In discussing the nature of the relationship necessary to enable an unmarried cohabitant to maintain an action for loss of consortium, the court stated: "Obviously, cohabitation arrangements may be of many kinds, ranging from a `one-night stand' to and including relationships which have endured as long as or longer than most marriages. To allow all cohabitants to recover would pose severe practical problems in terms of limiting liability. [¶] One standard which may be used to evaluate the cohabitation relationship is that the relationship must be both stable and significant. If the plaintiff can show that the relationship meets both of these criteria, then he or she will have demonstrated the parallel to the marital relationship which will enable the court to find the elements of consortium and the damage to the relational interest. [¶] Evidence of the stability and significance of the relationship could be demonstrated by the duration of the relationship; whether the parties have a mutual contract; the degree of economic cooperation and entanglement; exclusivity of sexual relations; whether there is a `family' relationship with children. While the particular items of evidence will vary from case to case, and some of these suggested criteria may be absent, and other different ones present, the plaintiff will bear the burden of demonstrating both that the relationship is stable and that it has those characteristics of significance which one may expect to find in what is essentially a de facto marriage." (Butcher v. Superior Court, supra, 139 Cal. App.3d 58, 70; italics added.)
(1b) Plaintiffs here failed to meet that burden. It is true the complaint alleges that plaintiffs "were unmarried cohabitants possessing every characteristic of the spousal relationship except formalization." However, such allegation is unavailing as against a motion for summary judgment the purpose of which is to penetrate through evasive language and adept pleading and ascertain, through the media of affidavits, the existence or absence of triable issues. (Chern v. Bank of America (1976) 15 Cal.3d 866, 873 [127 Cal. Rptr. 110, 544 P.2d 1310]; Munyon v. Ole's Inc. (1982) 136 Cal. App.3d 697, 700 [186 Cal. Rptr. 424].) (5) Where, as here, the moving *818 party shows that he is entitled to summary judgment, the adverse party cannot rely on his pleadings but must make an independent showing that he has sufficient proof of the matters alleged to raise a question of fact. (Dillashaw v. Ayerst Laboratories, Inc. (1983) 141 Cal. App.3d 35, 39, fn. 1 [190 Cal. Rptr. 68]; Leo F. Piazza Paving Co. v. Foundation Constructors, Inc. (1981) 128 Cal. App.3d 583, 590 [177 Cal. Rptr. 268]; Orsetti v. City of Fremont (1978) 80 Cal. App.3d 961, 966 [146 Cal. Rptr. 75].) Plaintiffs made no such showing. (1c) While their declarations in opposition to the motion for summary judgment show that they lived together constantly from August 6, 1982, planned to be married after James' divorce became final, and ultimately were married, the fact remains that they had lived together for only one month and two days before Shirley sustained the injuries on which James bases his claim of loss of consortium. Butcher v. Superior Court, supra, states that the theory of an action for loss of consortium is to provide redress for interference with continuation of the parties' relational interest. (139 Cal. App.3d at pp. 60-62.) Accordingly, such interest must exist at the time one of the parties is injured; the nature of their relationship subsequent to the injury is of no moment in determining the availability of a cause of action for loss of consortium. As a matter of law plaintiffs' live-in relationship of one month and two days prior to Shirley's injuries does not constitute a stable and significant relationship, and plaintiffs presented no evidence of any of the factors enumerated in Butcher which might show the existence of such a relationship. In any event the fact that James was married to another woman during the entire period he lived with Shirley before she sustained personal injuries prevented their relationship from being either stable or significant within the meaning of Butcher.
In Tong v. Jocson, supra, 76 Cal. App.3d 603, a man and a woman became engaged in September and began living together in November. The following February they were injured in an automobile accident, and were married a month later. Thereafter, the husband filed a complaint for personal injuries and damages for loss of consortium arising from his wife's injuries. On these facts it was held that an action for loss of consortium could not be maintained, and summary judgment dismissing that cause of action was affirmed. The Butcher court, while refusing to extend Tong beyond its facts, acknowledged the propriety of the result reached in that case, stating: "Despite the added element of cohabitation, at the time of the accident the relationship was of such a short duration that the court could not say the relationship had become sufficiently established to recognize the relational interest." (Butcher v. Superior Court, supra, 139 Cal. App.3d at p. 65.) That is the situation in the present case. It follows that the trial court properly entered summary judgment dismissing James' cause of action for loss of consortium.
*819 The judgment is affirmed.
Spencer, P.J., and Hanson (Thaxton), J., concurred.
The petition of appellant Plaza for a hearing by the Supreme Court was denied October 19, 1984.
NOTES
[1] While the judgment does not dispose of all causes of action, it disposes of the only cause of action involving James, and hence is appealable. (See Etienne v. DKM Enterprises, Inc. (1982) 136 Cal. App.3d 487, 489 [186 Cal. Rptr. 321].)

Inasmuch as it is James who seeks damages for loss of consortium, he alone is aggrieved by the judgment; therefore, he alone has the right to appeal therefrom. (Lieding v. Commercial Diving Center (1983) 143 Cal. App.3d 72, 73, fn. 1 [191 Cal. Rptr. 559].)