[No. A023632. First Dist., Div. One. Feb. 24, 1986.]

ILENE LEE, Plaintiff and Appellant, v.
INDUSTRIAL INDEMNITY COMPANY et al.,
Defendants and Respondents.

COUNSEL

Carnes & Aune, Carnes, Aune & Dibble and David P. Dibble for Plaintiff and Appellant.

Chinello, Chinello, Shelton & Auchard and Daniel I. Aller III for Defendants and Respondents.

OPINION

**RACANELLI, P. J.**—This appeal is from an order granting summary judgment for defendant Industrial Indemnity and dismissing plaintiff's complaint. The issue presented is whether a purported cancellation of appellant's insurance policy which did not strictly comply with the provisions of Insurance Code section 677 was effective. We conclude that it was not effective and reverse.

Ilene Lee's residence was totally destroyed by a fire on February 4, 1981. Industrial Indemnity had insured the home since 1976. In 1980, Lee re-

quested defendant McLemore, Griswold, Lumley Insurance Associates, Inc. (hereafter Broker) to rewrite her policy of fire insurance on the residence after the previous policy on the property was cancelled for nonpayment of premium. On May 23, 1980, an application was prepared by Broker on behalf of Lee for fire insurance in the amount of $30,000 as requested by Lee. Lee paid the annual premium of $112 on the same date. On June 11, 1980, Industrial Indemnity notified Broker that coverage could only be extended for 100 percent of the replacement value of the residence, or $61,380. On June 17, Lee was orally notified of the need to increase the requested coverage and she consented. Subsequently a policy was issued effective from May 23, 1980, to May 23, 1981.

The policy and a request for payment of an additional premium of $73 generated by the increase in coverage were mailed to Lee. Without realizing that one of the documents was a bill, Lee put the documents away without reading them or paying the extra amount. No additional bills were sent to Lee. Subsequently, Industrial Indemnity acknowledged existing coverage as of December 15, 1980, when it mailed a notice of cancellation to Lee. The notice stated as follows:

"You are hereby notified in accordance with the terms and conditions of the above mentioned policy that your insurance will cease at and from the hour and date mentioned above due to nonpayment of premium. Premium adjustment, if any, will be made as soon as practicable."

The referenced date upon which the insurance coverage would cease was January 1, 1981. This notice did not contain the statement required by Insurance Code section 677 that Lee could, upon written request, obtain a statement of the facts upon which cancellation was based.[1]

On December 18, 1980, Broker sent Lee a letter stating that $73 was due by January 1, 1981. This letter did not mention cancellation but invited Lee to call Broker if she had any questions. On January 21, 1981, a second letter was erroneously sent by Broker stating that a payment of $30 should be made in 10 days to avoid collection proceedings. This letter referred to the previous policy which had been cancelled prior to May of 1980. In February of 1981, Lee called Broker to inquire about the $30 bill and to report that the house had been destroyed by a fire. Lee was told that the

---

[1]Section 677 provides as follows: "All notices of cancellation shall be in writing, mailed to the named insured at the address shown in the policy, or to his last known address, and shall state, with respect to policies in effect after the time limits specified in Section 676, (a) which of the grounds set forth in Section 676 is relied upon, and (b) that, upon written request of the named insured, the insurer shall furnish the facts on which the cancellation is based."

policy had been cancelled for nonpayment in spite of her belief that her original $112 payment constituted the entire annual premium. In March of 1981, Lee received a notice of cancellation or nonrenewal of her policy which included the statement required by Insurance Code section 677.

On October 26, 1981, Lee filed a complaint alleging breach of contract and bad faith against Industrial Indemnity and negligence and breach of a warranty to obtain insurance coverage against Broker. On June 9, 1983, Industrial Indemnity's motion for summary judgment on the issue of compliance with section 677 was granted. On June 24, the court filed its order granting the motion for summary judgment and dismissing the complaint. A notice of appeal was filed on July 28, 1983.[2]

### Sufficiency of the Notice of Cancellation

The issue upon which summary judgment was granted was whether Industrial Indemnity's form of cancellation notice was void for noncompliance with Insurance Code section 677.

Neither the cancellation notice nor Broker's subsequent letter complied with the statutory requirement. The notice of cancellation did not include a statement that Lee could request from the insurer "the facts on which the cancellation [was] based." (Ins. Code, § 677.) Broker's subsequent letter, which invited Lee's inquiry, did not mention cancellation of the policy. The trial court determined that because the cancellation notice specified nonpayment of premium, an acceptable basis for cancellation pursuant to Insurance Code section 676, there were no further facts to explain. Having made this determination, the court concluded that literal compliance with section 677 was not necessary. Yet, section 677 explicitly requires more than a mere specification of the grounds relied upon for cancellation. ■ The statute specifically provides that the cancellation notice "shall state" that the insured may request the underlying facts; and the use of the term "shall" connotes a mandatory obligation. (Ins. Code, § 16.)

■ No reported case has been discovered which specifically discusses section 677; however, strict compliance with the terms of contractual requirements for notice of cancellation is essential to effect a valid policy cancellation. (*Naify* v. *Pacific Indemnity Co.* (1938) 11 Cal.2d 5, 10 [76 P.2d 663, 115 A.L.R. 476].) ■ Similarly, compliance with a statutory mandate regarding transmittal of cancellation notices is required as well.

---

[2]The trial court's order clearly purports to dismiss the complaint, thus disposing of all of the issues and may therefore be considered a final judgment for purposes of this appeal. (*Lieding* v. *Commercial Diving Center* (1983) 143 Cal.App.3d 72, 73-74 [191 Cal.Rptr. 559].)

(Cf. *National Auto. & Casualty Ins. Co.* v. *California Casualty Ins. Co.* (1983) 139 Cal.App.3d 336, 341 [188 Cal.Rptr. 670] [insurer's failure to give timely notice of nonrenewal pursuant to Ins. Code, § 663, results in automatic renewal irrespective of nonpayment of premium]; see also 17 Couch on Insurance (2d ed. 1967) § 67:132, p. 472.)

The trial court did not determine that section 677 was not a mandatory requirement. The court merely concluded that Industrial Indemnity substantially complied with the requirements of section 677 by supplying all available facts upon which the cancellation was based. In reaching this determination, the court erred. A closer examination of the record reveals that the facts leading to cancellation involved more than a simple nonpayment of premium. The increased premium resulted from Industrial Indemnity's demand that the amount of coverage be increased. The bill for the increased premium was mailed with the policy and went unnoticed by Lee. During the same time interval, Broker was sending Lee premium notices for the current policy as well as a policy which had been cancelled eight months earlier. None of Broker's notices mentioned cancellation (although one threatened Lee with collection proceedings). Any resulting confusion on Lee's part as to her obligations to Industrial Indemnity would be readily understandable in light of the multiple notices.

It cannot be said that there are no additional facts which Industrial Indemnity could have provided, if requested, to explain the basis for its cancellation. If Lee had been informed on the cancellation notice that she could obtain the facts upon which the cancellation of her current policy was based, she may have been able to remedy the premium default. As the matter stood, Lee thought she had fully paid. She did not understand the several notices she received; and the notice of cancellation did not inform her of the right to request the relevant facts from the insurer.

While it is arguable that Industrial Indemnity could have complied with the mandatory requirements of section 677, noncompliance is clearly manifested. Facts in addition to the mere nonpayment of a $73 increase in her annual premium formed a necessary part of the decision to cancel Lee's policy. This is particularly true where, as here, the actions of defendants in sending multiple premium notices may have confused Lee as to the status of her policy and her unfulfilled obligation to pay an additional premium amount. In such circumstances, we conclude that it was error to grant Industrial Indemnity's motion for summary judgment.

### Lee's Motion for Summary Judgment

On March 21, 1983, Lee filed a motion for summary judgment or summary adjudication of issues arguing that Industrial Indemnity's notice of

cancellation was void for failure to comply with the provisions of section 677. The motion was denied. Lee requests that this court direct the trial court to enter summary judgment in her favor on the mandatory nature of section 677. (See Code Civ. Proc., § 906 [permitting review of intermediate rulings on appeal]; cf. *Lackner* v. *LaCroix* (1979) 25 Cal.3d 747, 753 [159 Cal.Rptr. 693, 602 P.2d 393].) Based upon our determination that Insurance Code section 677 is a mandatory requirement and the undisputed fact that Industrial Indemnity did not include the required language in its notice, we find that it was error to deny summary adjudication of this issue.

The judgment entered in favor of Industrial Indemnity is reversed and the case is remanded with directions to enter partial summary judgment in favor of Lee to the effect that Industrial Indemnity's failure to include the mandatory language required by Insurance Code section 677 rendered the purported cancellation of policy number 2203260066 prior to February 4, 1981, null and void.

Elkington, J., and Newsom, J., concurred.

The petition of respondent Industrial Indemnity Company for review by the Supreme Court was denied May 7, 1986. Lucas, J., was of the opinion that the petition should be granted.