## Donough et ux. v. Vile

*M. E. Cohen* and *F. J. Eustace,* for plaintiffs.

*H. S. Baile,* for defendant.

ALESSANDRONI, J., December 29, 1947.—This is an action in trespass to recover damages for personal injuries sustained by Emma S. McDonough when she was struck by defendant's automobile on February 5, 1946, while crossing Rising Sun Avenue at Clarkson Street. The jury returned a verdict in her favor in the sum of $2,313.50 and a verdict in favor of her husband, Howard S. McDonough, in the sum of $520.

The first reason assigned in support of this motion for a new trial was the action of the court in permitting the jury to consider as an element of damages the loss of consortium. It appeared that wife-plaintiff was to be married 10 days after the date of this accident and in fact did marry after a delay of one month occasioned by reason thereof. Although there is dicta to the contrary (Orga v. Pittsburgh Railways Co., 155 Pa. Superior Ct. 82) it appears that no action will lie by a husband against a person who has committeed a tort on a woman whom plaintiff was engaged to marry at the time of the tort and whom he subsequently married: 41 C.J.S. 896 §401. Damages for the loss of

consortium are intended to compensate for an injury done to the connubial relationship. It would therefore appear that where the marriage relationship does not exist at the time of the tort, a cause of action cannot be created by a marriage subsequent thereto. See Rademacher v. Torbensen, 13 N. Y. S. (2d) 124, 257 App. Div. 91. The testimony indicates that the husband expended $20 for medical services on behalf of his wife which were necessary as a result of this injury. It is therefore apparent that the jury awarded to him the sum of $500 as compensation for the loss of consortium. We believe that substantial justice can be done without awarding a new trial by fixing the amount of the remittitur in the sum of $500 as an alternative: Culver v. Lehigh Valley Transit Co., 322 Pa. 503; Wilson v. Consolidated Dress Beef Co., 295 Pa. 168.

The second reason assigned in support of the motion for a new trial is the alleged error of the court in instructing the jury that they could award wife-plaintiff damages for loss of earnings up to August 19, 1946. It is contended that this permitted the jury to award the sum of $810 for loss of earnings instead of $210. We have no way of knowing whether the jury did award the wife-plaintiff damages for loss of earnings up to August 19, 1946. The court in its charge instructed the jury "to determine whether or not, from the evidence, she was able to go back to work at any time around or about the first of April. Defendant, of course, is not responsible for the closing of the place at which she had been employed. As soon as a person is able to go back to work after being injured, they should get a job, if one can be had, and you cannot be too fancy about it. You should get a job in order to minimize the damage. So, you will have to consider from the evidence whether or not the young woman was so nervous that she could not go out and get a job before the first week in August, or whether or not

she was able around the first of April to go out and get a job somewhere else. That is your problem to determine from the evidence—the time when she could go back to work."

Under the circumstances we find no error in this charge. The length of her disability was a question of fact. This plaintiff sustained a comminuted fracture of the proximal phalanx of the left thumb which resulted in a great deal of pain and a permanent restriction of motion. She suffered a greenstick fracture of one of the metatarsal bones of the foot, a laceration of the forehead requiring two stitches, which left a scar about one inch long in the middle of the forehead at the hairline. As a result of the head injury there was a momentary loss of consciousness, followed by spells of nausea and vomiting resulting in her confinement in the hospital for a week and at home for two weeks during which time she suffered severe head pains and spells of dizziness whenever she sat up. These severe headaches continued daily for a long period of time. An X-ray showed a line suggestive of a linear fracture although there was no depression or intracranial damage as a result.

Defendant has centered his argument upon her testimony she was employed by the Henry H. Scheip Manufacturing Company at the time of her injury, doing clerical work as assistant to the purchasing agent. She stated that as a result of her injury she was very nervous and suffering from severe headaches and that since her old employer went out of business she did not attempt to secure a new job until she felt capable of working. She frankly stated that she had expected to return to work at the beginning of April, which was the time when her old employer ceased operations. That statement was qualified, however, by her candid explanation that she believed that her old employer would be indulgent and considerate

to a degree that could not be expected of a new employer.

We believe that the issue was properly submitted to the jury for its consideration. The real question was the length of time she was incapable of performing the customary duties of her employment and not a determination of the earliest date on which an indulgent employer would pay her for her services. The situation is analogous to one in which a person receives the same salary from his old employer after the injury. It is well settled that this does not prevent a jury from considering the question of diminution of earning power: Tingler v. Curtis-Martin Newspapers, 318 Pa. 537. The testimony of plaintiff was neither contradicted nor attacked by cross-examination and we believe that her statement that she looked for a job as soon as she felt fully capable of performing her customary work was sufficient to warrant the court in submitting it to a jury for its consideration.

Finally, defendant attacks the verdict of wife-plaintiff as excessive. We do not believe as a matter of law the amount of the verdict was excessive, even if, in its entirety, it represented compensation for pain and suffering. The action of the jury certainly does not shock the conscience of this court.

For the foregoing reasons, therefore, we are of the opinion that defendant's motion for a new trial must be dismissed.

### Order

And now, to wit, December 29, 1947, upon the filing of a remittitur in the sum of $500 on the verdict in favor of Howard S. McDonough, plaintiff, within 20 days hereof, defendant's motion for a new trial is dismissed. Judgment is entered in favor of Howard S. McDonough, plaintiff, against defendant in the sum of $20 and in favor of plaintiff Emma S. McDonough against defendant in the sum of $2,313.50; otherwise, motion for a new trial is granted.