184 N.J. Super. 10 (1982)
445 A.2d 45
ARCHIBALD LEONARDIS AND CHARLOTTE KROESCHEL, PLAINTIFFS-APPELLANTS,
v.
MORTON CHEMICAL COMPANY, DIVISION OF MORTON NORWICH PRODUCTS, A CORPORATION, AND ASTORLYN CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 22, 1982.
Decided March 12, 1982.
Before Judges ALLCORN, FRANCIS and MORTON I. GREENBERG.
Harold Sherman, argued the cause for appellants (Mandel, Wysoker, Sherman, Glassner & Weingartner, attorneys; George W. Conk, on the brief).
John B. LaVecchia, argued the cause for the respondent Morton Chemical Company (Connell, Foley & Geiser, attorneys; *11 John B. LaVecchia, of counsel; Kathleen S. Murphy, on the brief).
No brief was filed by or on behalf of respondent Astorlyn Corporation.
The opinion of the court was delivered by ALLCORN, P.J.A.D.
The right of recovery for loss of consortium resulting to a wife by reason of an injury to her husband, is founded upon the marriage relation. Absent such relationship, the right does not exist, and thus no recovery may be had for loss thereof. Ekalo v. Construction Service Corp., 46 N.J. 82 (1965). Cf. N.J.S.A. 37:1-10; Cassano v. Durham, 180 N.J. Super. 620 (Law Div. 1981). See, also, Kozlowski v. Kozlowski, 80 N.J. 378, 387 (1979); Parkinson v. J. & S. Tool Co., 64 N.J. 159, 164 (1974). We find no merit in and decline to follow Bulloch v. U.S., 487 F. Supp. 1078 (D.N.J. 1980). Accordingly, the right to recovery for loss of consortium does not inhere in a woman not married to her male consort who is injured.
Affirmed.