**Henry CURRY and Margaret Curry**

v.

**CATERPILLAR TRACTOR CO., et al.**

Civ. A. No. 82–4002.

United States District Court,
E.D. Pennsylvania.

Jan. 20, 1984.

Samuel Merovitz, Philadelphia, Pa., for plaintiffs.

Richard D. Adamson, John P. Penders, Philadelphia, Pa., for defendants.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiffs Henry L. Curry and Margaret Curry instituted this products liability action against Caterpillar Tractor Co. and Kelly Company, Inc., claiming damages resulting from an accident that occurred while Henry Curry was operating a Caterpillar Tractor Co. forklift on a dockboard manufactured by Kelly Company. Plaintiff Margaret Curry has averred in the complaint that she is the wife of plaintiff Henry Curry, and she has set forth a claim for loss of "assistance, society, and consortium" resulting from the injuries sustained by Henry Curry. Defendant Caterpillar

Tractor Co. has filed a Motion for Summary Judgment as to Plaintiff Margaret Curry, on the ground that she is not the lawful wife of plaintiff Henry Curry and therefore has no cause of action against the defendant for the alleged loss of "assistance, society, and consortium". The plaintiffs have filed an Answer to the defendant's Motion for Summary Judgment, contending that Margaret Curry is entitled to a cause of action for loss of consortium despite the fact that she is not lawfully married to plaintiff Henry Curry. For the reasons hereinafter set forth, this Court will grant the defendant's Motion for Summary Judgment as to plaintiff Margaret Curry.

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate where no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law. In this case, the affidavits, answers to interrogatories, and depositions establish that there are no genuine issues as to the following facts. The plaintiff, Henry Curry, was married to one Martha Kendrick (not a party to this action) on January 7, 1961. Although Henry Curry and Martha Kendrick Curry subsequently stopped residing together, neither Henry Curry nor Martha Kendrick Curry ever filed for divorce or initiated proceedings to terminate their marriage. Martha Kendrick Curry is alive, and has submitted an affidavit in which she states that to the best of her knowledge and belief she still is married to Henry Curry. Plaintiff Henry Curry has resided with plaintiff Margaret Curry for approximately fifteen years, and was living with her at the time of his accident in May of 1981. There have been three children born of the union of Henry and Margaret Curry. Although Henry Curry and Margaret Curry consider themselves to be husband and wife, Henry Curry has conceded that his marriage to Martha Kendrick Curry never was legally terminated or dissolved.

The parties do not dispute that Pennsylvania law is applicable to this case. The plaintiff has conceded that under Pennsylvania law it "is quite clear that a man with a living wife is utterly powerless to make a valid contract of marriage with another" and that a legal marriage does not exist between plaintiffs Henry and Margaret Curry. Plaintiffs' Memorandum at 1. The parties also agree that the only issue before this Court is one of law: whether the law of Pennsylvania would recognize the right of an unmarried cohabitant to recover damages for a loss of consortium caused by injuries to the other co-habiting party. This Court predicts that the Supreme Court of Pennsylvania would not permit such cause of action.

Prior to 1974, Pennsylvania law did not permit even a legally married wife to maintain a cause of action for a loss of consortium caused by an injury to the husband. *Neuberg v. Bobowicz*, 401 Pa. 146, 162 A.2d 662 (1960); *Brown v. Glenside Lumber & Coal Co.*, 429 Pa. 601, 240 A.2d 822 (1968). The Pennsylvania Supreme Court reasoned in *Neuberg* that the *husband's* valid common law cause of action for loss of consortium caused by injuries to his wife was an "anachronism," rooted in the common law "property" concept of a wife, and the court declined to extend the cause of action to a wife for a loss of consortium caused by injuries to the husband. 401 Pa. at 158, 162 A.2d at 664.

Following the incorporation of an Equal Rights Amendment to the Pennsylvania Constitution in 1971, the Pennsylvania Supreme Court overruled *Neuberg* and *Brown*. In *Hopkins v. Blanco*, 451 Pa. 90, 320 A.2d 139 (1974), the court decided (1) that a husband's cause of action for loss of consortium remained valid under Pennsylvania law and (2) under the Pennsylvania Equal Rights Amendment, a wife should likewise be permitted a cause of action for loss of consortium.

It appears that no Pennsylvania appellate court has considered whether a loss of consortium cause of action arises out of a relationship wherein the parties are not husband and wife. The plaintiff argues that a cause of action for loss of consortium without the necessity of marriage should be judicially created in such a situa-

tion. The plaintiff calls our attention to *Sutherland v. Auch-Interborough Transit Authority Co.,* 366 F.Supp. 127 (E.D.Pa. 1973). In *Sutherland,* the plaintiff husband sought damages for loss of consortium even though he did not marry the plaintiff-wife until a month after the wife was injured. The court predicted that the Pennsylvania Supreme Court would permit the husband to recover for any loss of consortium incurred after the date of the marriage. 366 F.Supp. at 134. The *Sutherland* court distinguished *Sartori v. Gradison Auto Bus Co., Inc.,* 42 Pa. D & C2d 781 (C.P. Washington Cty.1967), which held to the contrary under similar facts, on the ground that in *Sartori* the plaintiff-husband claiming a loss of consortium did not marry the plaintiff wife until nine months after she was injured.

The *Sutherland* decision was expressly rejected by a subsequent Pennsylvania court which did not permit a loss of consortium cause of action to the wife even though she was engaged to the husband at the time of the husband's injury and married him one month after the accident. *Rockwell v. Liston,* 71 Pa. D & C 2d 756 (C.P. Fayette Cty.1975). In fact, all of the reported county court cases in Pennsylvania which have ruled on this issue have refused to permit a cause of action for loss of consortium where the plaintiff was not legally married to the injured party at the time of the injury. *Donough v. Vile,* 61 Pa. D & C 460 (1947); *Sartori v. Gradison Auto Bus Co., Inc.,* 42 Pa. D & C 2d 781 (C.P. Washington Cty.1967); *Rockwell v. Liston,* 71 Pa. D & C 2d 756 (C.P. Fayette Cty.1975); *Akers v. Martin,* 14 Pa. D & C 3d 365 (C.P. Franklin Cty.1980). *Cf. Orga v. Pittsburgh Railways Co., et al.,* 155 Pa.Super. 82, 38 A.2d 391 (1944).

It appears that most other jurisdictions which have considered this issue, with the exception of California, have not permitted a cause of action for loss of consortium where the parties are not legally married. *Clifford v. White,* 562 F.Supp. 387 (W.D. Mo.1983) (no premarital or cohabitant cause of action in Virginia, and probably not in the District of Columbia); *Weaver v.*

*G.D. Searle & Co.,* 558 F.Supp. 720 (N.D. Ala.S.D.1983) (no premarital or cohabitant loss of consortium claims permitted in West Virginia, New York, Kentucky, Illinois, Maine, Florida, or Alabama. *See also Leonardis v. Morton Chemical Co.,* 184 N.J.Super. 10, 445 A.2d 45, 46 (App.Div. 1982) (no right to recover for loss of consortium in the absence of marriage); *Childers v. Shannon,* 183 N.J.Super. 591, 444 A.2d 1141, 1142 (Law Div.1982) ("marriage is the only dependable means by which a relationship may be legally defined" for the purposes of loss of consortium claims). In *Butcher v. Superior Court of Orange County,* 139 Cal.App.3d 58, 188 Cal.Rptr. 503, 512 (1983), the court held that an unmarried cohabitant is entitled to a cause of action for loss of consortium upon a showing that the non-marital relationship is both "stable and significant". The *Butcher* decision was criticized in *Weaver v. G.D. Searle,* where the court noted that "the application of a 'significant and stable relationship test' is so difficult as to be impossible in the real world..." 558 F.Supp. at 723. The New Jersey Superior Court voiced similar concerns in *Childers v. Shannon,* 444 A.2d at 1142–1143. The federal district judge in *Weaver* opined that the California court "came up with what may be right for California, but what is probably wrong for the rest of the country, including Alabama." 588 F.Supp. at 723.

It is not the province of a federal court to determine what the state law should be. The task of the federal court sitting in diversity is to predict how the Supreme Court of the state would rule in the matter. *Becker v. Interstate Properties, et al.,* 569 F.2d 1203, 1205 (3d Cir.1977). Given the longstanding reluctance of the Pennsylvania Supreme Court to expand the cause of action for loss of consortium to married women, and given the long line of county court decisions in Pennsylvania disallowing the loss of consortium claims of persons not lawfully married to the injured party at the time of the injury, this Court predicts that the Pennsylvania Supreme Court will

not permit a cause of action for loss of consortium where the plaintiffs are not legally married to one another. Thus this Court will grant the defendant's motion for summary judgment in connection with plaintiff Margaret Curry's cause of action for loss of assistance, society, and consortium.