## McMullen v. Himes

*Ted G. Miller,* for plaintiff.
*William J. Kelly,* for defendant.

PFADT, *P.J.,* February 10, 1986 — This matter comes before the court on defendant's motion for partial summary judgment. By this motion, defendant, George E. Himes, seeks to have his wife, Frances M. Himes, dropped from the lawsuit, and to have Leora McMullen's claim for loss of consortium dismissed. Plaintiffs have agreed to dismiss Mrs. Himes from the lawsuit, and, for the reasons set forth below, the court believes that Mrs. McMullen's claim for loss of consortium should be dismissed as well.

The pertinent facts are as follows. On March 18, 1983, plaintiff, James B. McMullen, was operating an Erie Metropolitan Transit Authority bus when he was struck by a car driven by defendant, George E. Himes. This personal injury action arose out of the collision. Mr. McMullen and Leora were unmarried at the time of the accident, but had cohabited since December 25, 1982. In addition, Leora gave birth to the parties' son on July 29, 1983. Three days later, on August 1, 1983 a divorce decree was entered dissolving the bond of holy matrimony between Mr. McMullen and his first wife, Susan Mary McMullen. The present Mr. and Mrs. McMullen finally married on August 10, 1983, some five months after the cause of action arose.

Plaintiff here, as did plaintiff in *Saternow v. Byknish,* 31 D.&C.3d 9 (1983), urges the court to adopt the reasoning taken by the federal district court in *Sutherland v. Auch Inter-Borough Transit Co.,* 366 F. Supp. 127 (E.D. Pa., 1973). In *Sutherland,* the husband sought and received loss of consortium for injuries his wife sustained less than one month before the wedding date. The *Sutherland* court, in attempting to predict what the Pennsylvania Supreme Court would do, distinguished *Sartori v. Gradison Auto Bus Co.,* 42 D.&C.2d 781 (1967) wherein loss of consortium was denied to plaintiff-husband because he did not marry plaintiff-wife until nine months after she was injured.

We will not enter into an analysis reminiscent of the Socratic induction of law school. We fully agree with the court in *Saternow,* which sets forth the hard and fast rule adopted by Pennsylvania courts that, "an award for loss of consortium will not be permitted unless a legal marriage existed at the time of the injury. *Saternow,* supra, at p. 11. See also, *Curry v. Caterpillar Tractor Co.,* 577 F. Supp.

991 (E.D.Pa. 1984). Here, plaintiff was legally married to Susan Mary McMullen at the time of the accident. We are reminded that the tortfeasor takes his victim as he finds him. "The victim should not acquire new parties as [he] proceeds along the roads of romance." *Saternow,* supra, at p. 13. Because Leora McMullen did not marry Mr. McMullen until after the accident, we are compelled to dismiss her loss of consortium claim.

## ORDER

And now, this February 10, 1986, defendant's motion for partial summary judgment is hereby granted.