## Leibensperger v. Key

*Thomas J. Newell,* for plaintiff.
*Matthew J. Ryan, III,* for defendant Keys.
*C. Robert Elicker, Jr.,* for defendant Wilson.

SMITH, *J.,* March 11, 1986—This case comes to us on the preliminary objections of defendants Ted and Anne Key. The question presented is whether a husband has a claim for loss of consortium where the injury to his wife occurred while the parties were engaged to be married. We hold that he does not have a claim and, therefore, sustain the objections.

Plaintiff was engaged to Ruth M. Leibensperger in December of 1982, with a wedding date set for December 3, 1983. On November 11, 1983, she was involved in an automobile accident with defendant Wilson.

She was married to plaintiff on the date set. However, according to the complaint, the injuries sustained in the accident harmed plaintiff's and his wife's physical, sexual, social, emotional and intellectual relationship with each other. Plaintiff has recently filed for divorce.

He now sues Wilson and the Keys for negligence, and claims as his damage the deprivation of conjugal fellowship, aid and affection, legally termed loss of consortium.

Defendants object that the injuries arose before plaintiff was married and, therefore, no claim can arise for loss of connubial comfort and company. Plaintiff points to decisions in California, and in district courts in Pennsylvania and New Jersey which hold that matrimonial relations are not necessary for recovery of loss of consortium. We now address this issue.[1]

There are no appellate cases directly on point in Pennsylvania on the necessity of marriage in a loss-of-consortium case.[2]

---

1. Defendant also argues that loss of consortium is derivative only and therefore cannot be brought independently of Mrs. Leibensperger's claims for injuries incurred. As we are able to dispose of this case on another ground, we do not reach this issue.

2. Plaintiff cites Orga v. Pittsburgh Rys. Co., 155 Pa. Super. 82, 38 A.2d 391 (1944), as support for his claim. However, the court only addressed this issue in dicta, quashing the issue for not having been raised at the trial level. Hence, we do not consider this authority.

Plaintiff cites Sutherland v. Auch-Interborough Transit Co., 366 F. Supp. 127 (E.D., Pa. 1973). In Sutherland, plaintiff-husband sought damages for loss of consortium even though he did not marry plaintiff-wife until a month after she was injured. The court predicted that the Pennsylvania Supreme Court would permit the husband to recover for any loss of consortium incurred after the date of the marriage.

The Sutherland decision was expressly rejected subsequently in Rockwell v. Liston, 71 D.&C.2d 756 (1975), in which the court held that a wife had no cause of action for loss of consortium where the injury to the husband occurred while the parties were engaged to be married. It reasoned that determination of a relationship's existence absent such concrete evidence as a marriage contract is difficult. "The plaintiff-wife advances the theory that there should be a determination made in each case as to whether the relationship was such between the parties prior to the accident that marriage was reasonably foreseeable. We feel that this is too vague and indefinite a standard to apply in determining as to whether or not a cause of action exists." Id. at 758.

All other counties of this Commonwealth that have written on this issue are in accord. Akers v. Martin, 14 D.&C.3d 325, 3 Franklin C.L.J. 232 (1980); Sartori v. Gradison Auto Bus Co., 42 D.&C.2d 781, 47 Wash. Co. 246 (1967); Fontana v. Mellott, 4 Adams L.J. 162 (1963); Donough v. Vile, 61 D.&C. 460 (1948). In Donough, the wife married the plaintiff 10 days after being involved in an accident. The court wrote:

"Damages for the loss of consortium are intended to compensate for an injury done to the connubial relationship. It would therefore appear that where the marriage relationship does not exist at the time

of the tort, a cause of action cannot be created by a marriage subsequent thereto." Id. at 758.

In surveying the law of the nation, the Eastern District of Pennsylvania has also concluded that the law of Pennsylvania does not permit a claim for loss of consortium for injuries before marriage. Curry v. Caterpillar Tractor Co., 577 F. Supp. 991 (E.D., Pa. 1984).

Plaintiff also refers to Bulloch v. United States, 487 F. Supp. 1078 (D.N.J. 1980), which, in predicting New Jersey law, held that loss of consortium need not depend on a marital relationship. However, that holding has been specifically rejected by New Jersey State Courts in Leonardis v. Morton Chemical Co., 184 N.J. Super. 10, 445 A.2d 45 (App. Div. 1982), and Childers v. Shannon, 183 N. J. Super. 591, 444 A.2d 1141 (Law Div. 1982).

In fact, as the collection of cases in Curry v. Caterpillar Tractor Co., supra, illustrates, almost all jurisdictions considering the issue do not allow recovery for loss of consortium for injuries arising before the parties are married.[3] All these jurisdictions based their reasoning on the difficulty of determining an "actual" relationship.[4]

This case underscores the wisdom of such an approach. Plaintiff and his wife were married a month after the accident. Now, two years later, they are in

---

3. The one exception to the general rule is California. See Butcher v. Superior Court of Orange County, 139 Cal. App. 3d 58, 188 Cal. Rptr. 503 (1983).

4. See e.g., Childers v. Shannon, supra:

"The flaw in Judge Ackerman's analysis [in Bulloch] is that the continued requirement of marriage as an element of a claim for loss of consortium is not a matter of reward or punishment. Rather, marriage is the only dependable means by which a relationship — of which consortium is an element — may be legally defined."

the process of getting a divorce. Whether their marriage was a union of love or a convenient acquisition of a cause of action is a question far too delicate, and indeterminable for a court of law.

Thus, for these reasons we

## ORDER

And now, this March 11, 1986, the preliminary objections of defendants Ted and Anne Key are sustained.