## Comstock v. Kleckner

*Randall W. Turano,* for plaintiff.
*Frank G. Procyk,* for defendant.

McGINLEY, *J.,* July 7, 1988. — The matter before the court is the motion for summary judgment by defendants. Plaintiffs, Mari Coleman Comstock and Wayne Comstock, as husband and wife, seek to recover compensatory damages as a result of personal injuries and other losses allegedly sustained in an automobile accident that occurred on April 4, 1984, on the Tilghman Street bridge in Allentown, Pa. The vehicle of defendants allegedly struck the rear portion of the automobile of plaintiffs.

In count III of the complaint, plaintiff Wayne Comstock has asserted a cause of action for loss of consortium and deprivation of the society, assistance and services of his wife due to her injuries from the accident. It is to count III of the complaint that defendants have filed the motion for summary judgment because plaintiffs were not husband and wife at the time of the accident.

The depositions of plaintiffs were taken on March 16, 1988. At that time, plaintiffs revealed that they

were married on September 15, 1985. This was approximately 17 months after the occurrence of the accident.

In response plaintiffs have filed an answer to the motion for summary judgment, wherein plaintiffs admit they went through a marriage ceremony on September 15, 1985, but contend that they were husband and wife under the common law at the time of the accident. Further, in a new matter contained in the answer to the motion for summary judgment, plaintiffs allege that they entered into a common-law marriage by assuming cohabitation on or about July 7, 1980, at 511 Fulmer Avenue, Stroudsburg, Monroe County, Pa. The answer alleges that plaintiffs' matrimonial ceremony on September 15, 1985, was a reaffirmation of their common-law marriage. Therefore, plaintiffs contend that count III asserting loss of consortium on behalf of plaintiff Wayne Comstock is appropriate. As an aside, in apparent violation of Pa. R.C.P. 1024, the attorney for plaintiff, Robert M. Rosenblum, has provided the verification for the answer to the motion for summary judgment.[1]

---

1. We doubt that the document entitled "Answer to Motion for Summary Judgment" should ever be considered in regard to a motion for summary judgment even if properly verified. Rule 1035 indicates: "After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits."

Rule 1017(a) indicates: "The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto."

Therefore, the answer to the motion for summary judgment is not a pleading and the new matter it raises of a common-law

Summary judgment should not be entered unless the case is free from doubt. *Weiss v. Keystone Mack Sales Inc.,* 310 Pa. Super. 425, 456 A.2d 1009 (1983). Since the moving party has the burden of proving that no genuine issues exist as to the material facts, the record must be examined in the light most favorable to the non-moving party; in so doing all well-pleaded facts in the non-moving party's pleadings are accepted as true and that party is given the benefit of all reasonable inferences to be drawn therefrom. *Spain v. Vicente,* 315 Pa. Super. 135, 461 A.2d 833 (1983). Summary judgment shall be granted if pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Pilgrim Life Insurance Co.,* 306 Pa. Super. 170, 452 A.2d 269 (1982).

Defendants move for summary judgment on the basis that accident occurred on April 4, 1984, and plaintiffs were not married until September 15, 1985. While appellate court authority in the commonwealth appears to be non-existent,[2] common pleas cases

---

marriage may not be appropriate for the court to consider. Further, it cannot be considered an affidavit of the parties. (cf. Pa. R.C.P. 76(d); 42 Pa. C.S.) However, we are loathe to allow the technicalities of the Rules of Civil Procedure to defeat an apparently meritorious claim, and shall consider this matter substantively. (cf. *Monroe Contract Corp. v. Harrison Square,* 266 Pa. Super. 549, 405 A.2d 954 (1979)).

2. We recognize that *Orga v. Pittsburgh Railways Co.,* 155 Pa. Super. 82, 38 A.2d 391 (1944) appears to address the issue in favor of plaintiff in obiter dictum. For an in-depth discussion of the issue, see 5 A.L.R. 4th 300. The issue was not raised in *Orga* at the trial level and, therefore, we do not consider the same as controlling authority.

dealing with the issue have consistently held that a prerequisite of a claim for loss of consortium is a connubial relationship evidenced by a legal matrimonial ceremony. *Leibensperger v. Key,* 39 D. & C. 3d 532 (1986); *Saternow v. Byknish,* 31 D. & C. 3d 9 (1983); *Akers v. Martin,* 14 D. & C. 3d 325 (1980); *Rockwell v. Liston,* 71 D. & C. 2d 756 (1975); *Sartori v. Gradison Auto Bus Co.,* 42 D. & C. 2d 781 (1967); *Donough v. Vile,* 61 D. & C. 460 (1947); *Fontana v. Mellof,* 4 Adams Leg.J. 162 (C.P. 1963).

We are mindful that the cause of loss of consortium appears to be recognized by the federal courts. In *Sutherland v. Auch Inter-Borough Transit Company,* 366 F. Supp. 127 (1973) a husband was allowed to recover for the loss of consortium based on premarital injuries to his wife. In *Sutherland* the husband's recovery appears to be based on the closeness in time of the incident to the wedding. 366 F. Supp. at 134.

However, in *Curry v. Caterpillar Tractor Co.,* 577 F. Supp. 991 (1984), the U.S. District Court for the Eastern District of Pennsylvania concluded that the law of Pennsylvania does not allow a claim for loss of consortium for injuries before marriage. In *Curry,* the birth of three children from the union and cohabitation for 15 years were insufficient to permit a claim for loss of consortium.

In *Bulloch v. United States,* 487 F. Supp. 1078 (D.C., N.J. 1980), a cohabitant was allowed to maintain a claim for loss of consortium. In that case the federal court made its decision based upon an attempt to predict a change in the New Jersey law. 487 F. Supp. at 1082.

In this regard, the New Jersey court has considered the federal court's prediction of how it would

hold concerning the issue, and found the federal court to be a poor prognosticator. The holding in *Leonardis v. Morton Chemical Co.,* 184 N.J. Super. 10, 445 A.2d 45 (1982), and *Childers v. Shannon,* 183 N.J. Super. 591, 444 A.2d 1141 (1982) has specifically rejected *Bulloch, supra.*

The reasoning of the New Jersey Superior Court in *Childers, supra,* offers good reason to base the loss of consortium claim on an actual marriage ceremony:

"Marriage, however, is the only legal touchstone by which the strength of a male-female relationship may be tested. It is not the function of this court to sift through the myriad relationships of a party in a negligence action to determine which of those near and dear have suffered an injury proximately caused by tortious conduct. Should this court allow this plaintiff's claim for loss of consortium, other courts will be forced to determine which plaintiffs have relationships sufficiently meaningful to entitle them to claim consortium. Plaintiffs here were engaged to be married at the time of the accident; how long an engagement will support a claim? One month? One week? 'Going steady'? Or is cohabitation to be the test, as it apparently was in *Bulloch?* Again: For how long? Was there joint payment of rent? Grocery bills?

"Presumably, when partners wish social and legal recognition of their relationship, they marry. To accord consortium to an unmarried plaintiff is to force upon him or her a status which he or she had not, at the time of the injury, asserted; it is an ill-conceived intrusion into the private lives of individuals." *Bulloch, supra.*

Therefore, summary judgment is appropriate in

this case, and we grant the same in favor of defendants and dismiss count III of plaintiff's complaint.

## ORDER

Now, July 7, 1988, after argument and consideration of the briefs of the parties, it is ordered that defendant's motion for summary judgment in regard to count III of plaintiffs' complaint is hereby granted.