572 A.2d 789

**Linda A. SPRAGUE and C. Bartlett Sprague**

v.

**Dale I. KAPLAN.**

**Appeal of C. Bartlett SPRAGUE.**

Superior Court of Pennsylvania.

Argued March 6, 1990.

Filed April 10, 1990.

William H. Andring, Harrisburg, for appellant.

Jefferson J. Shipman, Harrisburg, for appellee.

Before WIEAND, TAMILIA and POPOVICH, JJ.

TAMILIA, Judge:

On December 31, 1987, Linda Sprague fell on ice and snow while on the property of appellee's business establishment, Capen Careful Cleaners, where she was picking up a bridesmaid's dress for her wedding that evening. Despite the fall, the wedding was held as planned, however Linda and her husband eventually brought suit for her injuries and his loss of consortium. The trial court dismissed appellant husband's claim for loss of consortium because the parties were not husband and wife at the time of the accident. Appellant argues he is entitled to his claim since the injury occurred subsequent to the issuance of a marriage license but prior to completion of the ceremony and his loss is just as real as if the accident occurred an hour after the ceremony instead of several hours before.

The court's decision reflects the current state of the law in Pennsylvania. Several Pennsylvania trial courts have addressed this issue and resolved it unfavorably to appellant's position but the appellate courts, thus far, have been silent on this issue, making this case one of first impression for this Court. We agree with the line of cases issued by the trial courts and hold that a cause of action for loss of consortium is not available to a party who was not married to the injured party *at the time of the injury*.

Loss of consortium has been recognized in this Commonwealth as a right evolving out of the marriage relationship and is grounded on the loss of a spouse's service after injury. *Burns v. Pepsi–Cola Metropolitan Bottling*, 353 Pa.Super. 571, 510 A.2d 810 (1986). In *Comstock v. Kleckner*, 49 D. & C.3d 465 (1988), husband pursued a claim for loss of consortium due to an injury to his wife 17 months prior to their marriage. In response to a motion for sum-

mary judgment by defendants, husband alleged he was married to his wife at the time of the accident under common law and the marriage ceremony was a reaffirmation of their common law marriage. The trial court granted the motion for summary judgment after finding the claim for loss of consortium must be based on an actual marriage.[1]

We are mindful that the cause of loss of consortium appears to be recognized by the federal courts. In *Sutherland v. Auch Inter-Borough Transit Company*, 366 F.Supp. 127 ([E.D.Pa.] 1973) a husband was allowed to recover for the loss of consortium based on premarital injuries to his wife. In *Sutherland* the husband's recovery appears to be based on the closeness in time of the incident to the wedding. 366 F.Supp. at 134.

However, in *Curry v. Caterpillar Tractor Co.*, 577 F.Supp. 991 ([E.D.Pa.] 1984), the U.S. District Court for the Eastern District of Pennsylvania concluded that the law of Pennsylvania does not allow a claim for loss of consortium for injuries before marriage. In *Curry*, the birth of three children from the union and cohabitation for 15 years were insufficient to permit a claim for loss of consortium.

In *Bulloch v. United States*, 487 F.Supp. 1078 (D.C., N.J.1980), a cohabitant was allowed to maintain a claim for loss of consortium. In that case the federal court made its decision based upon an attempt to predict a change in the New Jersey law. 487 F.Supp. at 1082.

In this regard, the New Jersey court has considered the federal court's prediction of how it would hold concerning the issue, and found the federal court to be a poor prognosticator. The holding in *Leonardis v. Morton Chemical Co.*, 184 N.J.Super. 10, 445 A.2d 45 (1982), and

---

**1.** We note that a common law marriage in Pennsylvania is an "actual" marriage and a formal marriage ceremony is not necessary. The trial court in *Comstock*, however, did not give a factual analysis as to the validity of the husband's assertion a common law marriage did exist and this question may have been pursued had an appeal been taken. We cite to *Comstock* for the principles contained therein as they pertain to couples not married according to Pennsylvania law.

*Childers v. Shannon,* 183 N.J. Super. 591, 444 A.2d 1141 (1982) has specifically rejected *Bulloch, supra.*

The reasoning of the New Jersey Superior Court in *Childers, supra,* offers good reason to base the loss of consortium claim on an actual marriage ceremony:

"Marriage, however, is the only legal touchstone by which the strength of a male-female relationship may be tested. It is not the function of this court to sift through the myriad relationships of a party in a negligence action to determine which of those near and dear have suffered an injury proximately caused by tortious conduct. Should this court allow this plaintiff's claim for loss of consortium, other courts will be forced to determine which plaintiffs have relationships sufficiently meaningful to entitle them to claim consortium. Plaintiffs here were engaged to be married at the time of the accident; how long an engagement will support a claim? One month? One week? 'Going steady'? Or is cohabitation to be the test, as it apparently was in *Bulloch?* Again: For how long? Was there joint payment of rent? Grocery bills?

"Presumably, when partners wish social and legal recognition of their relationship, they marry. To accord consortium to an unmarried plaintiff is to force upon him or her a status which he or she had not, at the time of the injury, asserted; it is an ill-conceived intrusion into the private lives of individuals." *Bulloch, supra.*

*Id.* at 468–69. Other trial courts have held to this same "bright line" test. (*See Leibensperger v. Key,* 39 D. & C.3d 532 (1986), and *Saternow v. Byknish,* 31 D. & C.3d 9 (1983).) In fact, most jurisdictions do not allow recovery for loss of consortium for injuries arising prior to marriage due to the difficulty of determining an actual relationship and the need to draw the line at some point without engaging in a case-by-case analysis. (*See Gillespie–Linton v. Miles,* 58 Md.App. 484, 473 A.2d 947 (1984); *Angelet v. Shivar,* Ky.App., 602 S.W.2d 185 (1980); *Sostock v. Reiss,* 92 Ill. App.3d 200, 47 Ill.Dec. 781, 415 N.E.2d 1094 (1980).)

For the foregoing reasons, we affirm the Order of the trial court.

Order affirmed.