[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court as a motion to dismiss by defendants pursuant to Rhode Island Rules of Civil Procedure Rule 12(b)(6).
In evaluating whether plaintiffs' complaint for loss of consortium is sufficient to withstand defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, we look to the standards articulated by the Rhode Island Supreme Court in Bragg v. Warwick Shoppers World, Inc.,102 R.I. 8, 227 A.2d 582 (1967) and its progeny. In applying theBragg standards, this court will assume that the allegations of plaintiffs' complaint are true and are to be viewed in the light most favorable to plaintiffs. Moreover, each individual count of plaintiffs' complaint will only be dismissed where it is clear beyond a reasonable doubt that plaintiffs will not be entitled to relief under any set of facts which could be proven in support of plaintiffs' claims.
In the instant case, plaintiff Denis L. Ventriglia (hereinafter "Denis") filed a complaint with this court seeking to recover damages for injuries allegedly sustained in an automobile accident on September 3, 1987. His wife, plaintiff Linda J. Wilson (hereinafter "Linda"), seeks recovery for loss of consortium in Count II of plaintiffs' complaint. Denis and Linda were not yet married when the accident occurred. Count III of plaintiffs' complaint seeks loss of consortium for plaintiff Laura W. Ventriglia (hereinafter "Laura"), the minor child of Denis and Linda. Laura was not born until June 1990.
The Rhode Island loss of consortium statute provides in pertinent part that:
 (a) A married person is entitled to recover damages for loss of consortium caused by tortious injury to his or her spouse.
 (b) An unemanciated minor is entitled to recover damages for the loss of parental society and companionship caused by tortious injury to his or her parent.
G.L. 1956 (1985 Reenactment) § 9-1-41. A loss of consortium action, thus, is not founded on a husband's proprietary rights in his wife as it was under the common law. Rather, this statute recognizes the right to recover for an injury to the marital or familial entity.
After a review of the facts of this case as well as the loss of consortium statute, the court holds that only injury to a marital relationship which exists at the time of the injury can support an action for loss of consortium. A showing that plaintiffs were engaged at the time of the injury and either were married shortly after the injury or were living together at the time of the injury will not suffice. See Sprague v. Kaplan,572 A.2d 789, 791 (Pa. Super. 1990); Jones v. Elliott, 551 A.2d 62, 64 (Del. 1988).
Furthermore, the Rhode Island Supreme Court has held that a wife's right to recover for loss of consortium under § 9-1-41 is a derivative action attached to the claim of the injured spouse.Sama v. Cardi Corp., 569 A.2d 432, 433 (R.I. 1990). For children, however, loss of consortium is strictly a statutory creation. The facts indicate that Linda was not married to Denis at the time that he incurred the alleged injuries and Laura was born almost three years after the date of the alleged accident. Thus, neither Linda nor Laura are eligible to be compensated for loss of consortium resulting from Denis' injuries.
For the above mentioned reasons, the court holds that Counts II and III of plaintiffs' complaint fail to state a claim as a matter of law. Accordingly, defendants' motion to dismiss Counts II and III is granted.