**Fred and Mary FABER,**

**v.**

**TGI–FRIDAY'S INC., et al.**

**No. CIV. A. 00–2997.**

United States District Court,
E.D. Pennsylvania.

June 14, 2001.

Jeffrey S. Nowak, Law Offices of Jeffrey S. Nowak, Feasterville, PA, for plaintiffs.

John C. McNamara, Christie, Pabarue, Mortensen and Young, Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

The Defendant, TGI–Friday's Inc.(TGI Friday's), moves for a partial summary judgment on Count III of the complaint, on the grounds that the Plaintiff, Mrs. Faber, is precluded from recovery for loss of consortium. For the reasons that follow, the motion shall be granted.

### Background

Fred Faber claims an injury from a fall he sustained on TGI Friday's steps on February 17, 1999. At the time of the injury, Mrs. Faber was not married to Fred Faber. The Fabers were married on June 26, 1999, four months after Mr. Faber's injury.

In Count III of the complaint, Mrs. Faber seeks recovery for loss of consortium from the injury sustained by Mr. Faber prior to their marriage.

### Summary Judgment Standards

The standards to grant a motion for summary judgment are outlined in Fed. R.Civ.P. 56. Under subsection (c) of that rule,

...The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law...

A genuine issue of material fact arises when the evidence illustrates that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202(1986). Material facts are certain facts that may affect the outcome of the case, and under the "governing law will properly preclude the entry of summary judgment." *Id.* Moreover, in a motion for summary judgment the facts are generally reviewed in a light most favorable to the non-moving party. *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Troy Chemical Corp. v. Teamsters Union Local No. 408*, 37 F.3d 123, 126 (3rd Cir.1994). However, there must be sufficient evidence that a reasonable jury could find for the non-movant; "bare assertions" or "suspicions" will not suffice. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287 (D.C.Cir.1988).

### Discussion

In this case, Mrs. Faber seeks damages for loss of her husband's consortium as a result of his fall. Consortium is defined as the "conjugal fellowship of husband and wife, and the right of each to the company, society, co-operation, affection, and aid of the other in every conjugal relation." Black's Law Dictionary 309 (6th ed.1990). A claim for loss of consortium arises from the marital relationship and is based on the loss of a spouse's services resulting from an injury. *Sprague v. Kaplan*, 392 Pa.Super. 257, 572 A.2d 789, 790

(1990). Because it arises from the marital relationship, a claim for loss of consortium does not exist if the complaining parties are not married when the injury occurs. *Vazquez v. Friedberg*, 431 Pa.Super. 523, 637 A.2d 300 (1994). In *Cleveland v. Johns–Manville Corp.*, 547 Pa. 402, 690 A.2d 1146, 1149 (1997), the Pennsylvania Supreme Court held that the plaintiff could not maintain a cause of action for loss of consortium because she was not married to her husband when the injury occurred. See also *Vazquez*, 637 A.2d at 300. Here, the parties agree that Mr. Faber's fall occurred four months before he and Mrs. Faber were married. Thus, under *Cleveland, Sprague,* and *Vazquez,* Mrs. Faber has no cause of action for loss of consortium.

However, Mrs. Faber claims she lived with Mr. Faber as husband and wife in cohabitation for over ten years. Under current Pennsylvania law, the Fabers contend this cohabitation constituted a common law marriage.

Marriage in Pennsylvania is a civil contract by which a man and a woman take each other for husband and wife. *In re Estate of Manfredi* 399 Pa. 285, 291, 159 A.2d 697, 700 (1960). There are two kinds of marriage: (1) ceremonial; and (2) common law. *Id.* A common law marriage can only be created by an exchange of words in the present tense, spoken with the specific purpose that the legal relationship of husband and wife is created by that. *Commonwealth v. Gorby* 527 Pa. 98, 110, 588 A.2d 902, 907 (1991). Thus, a common law marriage is a marriage by the express agreement of the parties without ceremony, and almost always without a witness; again, it is done by words, in praesenti, spoken with the purpose of establishing the relationship of husband and wife. *Estate of Manfredi*. The common law marriage contract does not require

any specific form of words, all that is essential is proof of an agreement to enter into the legal relationship of marriage at the present time. *Estate of Gavula* 490 Pa. 535, 540, 417 A.2d 168, 171 (1980).

The burden to prove a marriage is on the party claiming the marriage, and this is described as a "heavy" burden where there is an allegation of a common law marriage. *Id.* at 540, 417 A.2d at 171. When attempting to establish a marriage without the usual formalities, the claim must be reviewed with "great scrutiny." *Id.* at 541, 417 A.2d at 171. Furthermore, in the absence of testimony regarding the exchange of verba in praesenti, there is a rebuttable presumption in favor of common law marriage. *Estate of Manfredi.* A common law marriage will still be recognized without the use of verba de praesenti, where the parties' intent, as expressed by their words, is that they were married. *Staudenmayer v. Staudenmayer,* 552 Pa. 253, 714 A.2d 1016 (1998); *Cann v. Cann,* 429 Pa.Super. 234, 632 A.2d 322 (1993). *In re Estate of Stauffer,* 504 Pa. 626, 632, 476 A.2d 354, 357 (1984).

When applicable, the party claiming a common law marriage who proves: (1) constant cohabitation; and, (2) a reputation of marriage "which is not partial or divided but is broad and general," raises the rebuttable presumption of marriage. *Id.* at 291, 159 A.2d at 700. Constant cohabitation, "even when conjoined with general reputation are not marriage, they were merely circumstances which give rise to a rebuttable presumption of marriage." *Id.* Stated otherwise, cohabitation and reputation alone will not establish a common law marriage, the Court may consider these facts as relevant factors in determining whether the parties have entered into a common law marriage. *Canute v. Canute* 384 Pa.Super. 60, 63, 557 A.2d 772, 774 (1989).

In this case, the only evidence of the parties' common law marriage is the plaintiffs' averments that they have lived together as husband and wife for over ten years. Without more, these averments are insufficient to sustain the heavy burden placed on them to establish a common law marriage existed at the time of the accident. Accordingly, we have no alternative but to grant the defendant's motion for summary judgment and enter judgment in defendant's favor as a matter of law on Count III of the Complaint.

### ORDER

AND NOW, this 14th day of June, 2001, upon consideration of Defendants' Motion for Summary Judgment and Plaintiff's response, thereto, it is hereby ORDERED that the Motion is Granted and Judgment as a matter of law is hereby entered in favor of the defendants and against the plaintiff on Count III of the complaint.