**Michael ROBINSON and Wendy Robinson, Plaintiffs,**

**v.**

**HARTZELL PROPELLER INC. and New England Propeller Service, Inc., Defendants.**

**CIVIL ACTION NO. 01–5240.**

United States District Court, E.D. Pennsylvania.

Aug. 14, 2003.

Robert P. Dennison, Ann T. Field, Paul K. Leary, Jr., Cozen O'Connor, Patrick J. O'Connor, James E. Robinson, J. Bruce Mc Kissock, McKissock & Hoffman, PC, Geraldine D. Zidow, Philadelphia, PA, for Defendants.

Bradley J. Stoll, Arthur Alan Wolk, Catherine B. Slavin, Wolk & Genter, Philadelphia, PA, for Plaintiffs.

## *MEMORANDUM*

DuBOIS, District Judge.

## I. *BACKGROUND*

This litigation arises out of an aircraft accident that occurred in Prattsburg, New York on August 15, 1999. On that date, plaintiff, Michael Robinson ("Mr.Robinson"), was operating a Mooney M20E aircraft, manufactured in 1967, equipped with a Textron Lycoming IO–360 engine and a propeller manufactured by defendant, Hartzell Propeller, Inc ("Hartzell"). His fiancee at the time, now wife, plaintiff, Wendy Robinson ("Mrs.Robinson"), was aboard as a passenger. Plaintiffs allege that Mr. Robinson was forced to shut down the engine and make an emergency landing on a field near Prattsburg because one of the propeller blades fractured during flight.

At the time of the August 15, 1999 accident, plaintiffs were not married; they were living together but they had not selected a wedding date. Deposition of Wendy Robinson ("Mrs. Robinson Dep.") at 16–18, 91, 94. Plaintiffs selected a wedding date after the accident and were in fact married in December 1999. *Id.* at 91.

Mr. Robinson alleges in the Complaint that, as a result of the emergency landing, he sustained, *inter alia,* multiple fractures to his spine and damage to his spinal cord causing paraplegia and, as a result of those injuries, that he "... has been deprived of his wife's services, society, companionship and consortium, has been unable to care for his children, Jennifer, aged 17 and Matthew, aged 14 ...," and that his children "... have been deprived of their father's services, society, companionship, guidance, and tutelage, any and all of which may continue." *Id.* ¶¶ 18–19.

Mrs. Robinson alleges in the Complaint that, as a result of the emergency landing, she sustained, *inter alia,* multiple fractures to her spine and, as a result of those injuries, that she "... has been unable to fully take care of her two children, Sarah and Samantha ... [and] ... has been deprived of her husband's services, society, companionship, and consortium...." The Complaint further alleges that Mrs. Robinson "... brings this action in [sic] behalf of Sarah and Samantha, who have been deprived of their mother's services, society, companionship, guidance and tutelage...." *Id.* ¶¶ 21, 23.

## II. *DISCUSSION*

In their memoranda of law, both parties applied Pennsylvania law to the damages issues in the case. Neither party has raised a choice-of-law issue. The Court notes that plaintiffs are New York residents, that the accident at issue in the case occurred in New York and that the plaintiffs were married in New York. However, the Court's research has not identified any differences between New York and Pennsylvania law on the damages issues presented by the parties. "Under these circumstances, there is no conflict of law, and the court should avoid the choice of law question." *On Air Entm't Corp v. Nat'l Indem. Co.,* 210 F.3d 146, 149 (3d Cir.2000) (citing *Lucker Mfg. v. Home Ins. Co.,* 23 F.3d 808, 813 (3d Cir.1994)). The Court will, therefore, apply Pennsylvania law in addressing the issues raised by the pending motion.

## A. PLAINTIFFS' CLAIMS FOR LOSS OF EACH OTHERS' CONSORTIUM

Consortium is defined as the "... conjugal fellowship of husband and wife, and the right of each to the company, society, co-operation, affection, and aid of

the other in every conjugal relation." Black's Law Dictionary at 309 (6th ed.1990). Loss of consortium is a loss of services, society, and conjugal affection of one's spouse. *Bedillion v. Frazee,* 408 Pa. 281, 183 A.2d 341, 343 (1962).

The Pennsylvania Supreme Court has not ruled on the first issue presented in this motion—whether a cause of action for loss of consortium is available to a party who is not married to the injured party at the time of the accident. However, the lower Pennsylvania state courts that have addressed that issue have uniformly held that a cause of action for loss of consortium is not available under those circumstances. *E.g., Sprague v. Kaplan,* 392 Pa.Super. 257, 572 A.2d 789, 790 (1990).[1]

In this case, Mrs. Robinson testified at her deposition that she was not married to Mr. Robinson at the time of the August 15, 1999 accident. Mrs. Robinson Dep. at 16–18, .91, 94. Mrs. Robinson also testified that the December 1999 wedding date was selected after the accident. *Id.* at 91. Thus, under *Sprague,* plaintiffs would be barred from asserting claims for loss of consortium.

██ Notwithstanding the rule in *Sprague,* plaintiffs argue that this Court should follow *Sutherland v. Auch Inter-Borough Transit Co.,* 366 F.Supp. 127 (E.D.Pa.1973), which predicted that the Pennsylvania Supreme Court would allow a cause of action for a loss of consortium claim where the parties were married less than a month after the accident. The Court rejects that argument. In *Curry v. Caterpillar Tractor Co.,* 577 F.Supp. 991 (E.D.Pa.1984), the court noted that *Sutherland* was "expressly rejected" by *Rockwell v. Liston,* 71 Pa. D. & C.2d 756, 1975 WL 16758 (C.P. Fayette Cty.1975). The *Rock-*

*well* court did not permit a loss of consortium claim by the non-injured spouse even though the parties were engaged at the time of the accident and married within one month thereafter. *See also Akers v. Martin,* 14 Pa. D. & C.3d 325, 1980 WL 849 (C.P. Franklin Cty.1980) (accident occurred three days before marriage); *Sartori v. Gradison Auto Bus Co., Inc.,* 42 Pa. D. & C.2d 781, 1967 WL 5795 (C.P. Washington Cty.1967) (accident occurred nine months before marriage); *Donough v. Vile,* 61 Pa. D. & C. 460, 1948 WL 2805 (C.P. Phila Cty.1947) (accident occurred ten days before marriage); *Amsler v. Teledyne Continental Motors Aircraft Products, Inc.,* Civ. A. No. 90–6882, 1991 WL 219580, at *2–3 (E.D.Pa. Oct.16, 1991) (discussing *Sutherland, Curry* and *Sprague* and concluding that Pennsylvania law would not permit plaintiff to recover damages for loss of consortium where injury occurred approximately one year before marriage).

Plaintiffs argue that the Pennsylvania Supreme Court would reject *Sprague* and *Curry* and follow *Lozoya v. Sanchez,* 133 N.M. 579, 66 P.3d 948 (2003) (allowing unmarried couple to proceed with loss of consortium claim because they lived in close familial relationship). The Court rejects this argument and concludes, based on the analysis in *Curry,* that the Pennsylvania Supreme Court would not allow a loss of consortium claim by a party who is not married to the injured party at the time of the accident. Accordingly, Hartzell's motion for summary judgment on plaintiffs' claims for loss of each other's consortium, joined in by defendant, New England Propeller Service, Inc., is granted.

---

**1.** The New York Court of Appeals has also held that a cause of action for loss of consortium is not available under those circumstances. *Anderson v. Eli Lilly & Co.,* 79 N.Y.2d 797, 580 N.Y.S.2d 168, 588 N.E.2d 66, 67 (1991).

## B. PLAINTIFFS' CLAIMS FOR LOSS OF PARENTAL CONSORTIUM FILED ON BEHALF OF THEIR CHILDREN

The Pennsylvania Supreme Court has not ruled on the second issue presented in this motion—whether a cause of action on behalf of plaintiffs' children for loss of consortium may be asserted. The lower Pennsylvania state courts that have addressed that issue have uniformly refused to recognize such a cause of action. *E.g., Wapner v. Somers,* 428 Pa.Super. 187, 630 A.2d 885, 887–88 (1993); *Schroeder v. Ear, Nose & Throat Assocs. of Lehigh Valley,* 383 Pa.Super. 440, 557 A.2d 21, 22–23 (1989), *appeal denied,* 523 Pa. 650, 567 A.2d 653 (1989); *Steiner by Steiner v. Bell Tel. of Pa.,* 358 Pa.Super. 505, 517 A.2d 1348, 1354–55 (1986), *aff'd without op.,* 518 Pa. 57, 540 A.2d 266 (1988).[2]

■ Plaintiffs argue that the Pennsylvania Supreme Court would reject the "hard line rule" in *Steiner* and adopt the "more compassionate rule" of *Villareal v. State Department of Transportation,* 160 Ariz. 474, 774 P.2d 213, 219 (1989) (permitting loss of parental consortium claim "... only when the parent suffers serious, permanent, disabling injury rendering the parent unable to provide love, care, companionship, and guidance to the child. The parent's mental or physical impairment must be so overwhelming and severe that the parent-child relationship is destroyed or nearly destroyed" (footnote and citations omitted)). This Court disagrees and predicts, based on the analysis in *Wapner, Schroeder* and *Steiner,* that the Pennsylvania Supreme Court would not allow a cause of action for parental loss of consortium. Accordingly, Hartzell's motion for summary judgment on plaintiffs' claims, asserted on behalf of their children, for loss of parental consortium, joined in by defendant, New England Propeller Service, Inc., is granted.

## III. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment to Dismiss Plaintiffs' Consortium Claims filed by defendant, Hartzell Propeller, Inc., joined in by defendant, New England Propeller Service, Inc. is granted.

**2.** The New York Court of Appeals has also held that such a cause of action may not be asserted. *De Angelis v. Lutheran Med. Ctr.,* 58 N.Y.2d 1053, 462 N.Y.S.2d 626, 449 N.E.2d 406, 407 (1983).